JOURNAL ENTRY AND OPINION.
{¶ 1} Defendant-appellant Anthony Fountain ("defendant") appeals from the jury verdict and convictions for gross sexual imposition, rape and aggravated burglary. For the reasons that follow, we affirm.
 {¶ 2} On October 16, 1999, defendant was visiting his brother and his brother's girlfriend, Ms. Reid, who lived in a duplex in Cleveland, Ohio. Defendant and Ms. Reid socialized with Ms. Stubbs, the downstairs tenant, and Ms. Stubbs' friend who is the victim in this case. Later that day, Ms. Reid gave defendant the keys to her car to have it washed. Ms. Reid and Ms. Stubbs went out to a club around 11:45 p.m. while the victim remained in Stubbs' apartment to sleep. The victim frequently slept in a spare bedroom at Stubbs' apartment where she eventually went to sleep in the nude that evening with the door closed.
 {¶ 3} The victim testified that around midnight she was awakened by a pinching on her breast. She recognized defendant's "distinctive" voice. She tried to push him off of her. She told him to get off of her; she told him to stop. She further testified that defendant told her to "shut the f--- up." (Tr. 261). The victim testified repeatedly that defendant smashed her head into the windowsill with physical force. As the pair continued to struggle and "tussle," defendant took off his shirt. He was trying to hold her down by "pushing [her] arms down into the bed." She tried to prevent penetration by moving around. Ultimately, he penetrated her vaginally and left the room and the apartment.
 {¶ 4} Ms. Stubbs testified that she never gave defendant permission to enter her apartment.
 {¶ 5} The victim contacted Ms. Stubbs on her cell phone who then returned to the duplex with Ms. Reid. In response to the victim's 911 call, police officers reported to the scene and arrested defendant and took the victim to the hospital for testing. Officers confiscated the bedsheets and defendant's clothing. Shortly after the incident, the victim moved to Arizona with her mother and returned to Cleveland shortly before the trial of this matter.
 {¶ 6} The State presented the testimony of the victim, Ms. Stubbs, a scientific examiner from the Cleveland Police Department, and numerous law enforcement officers involved in the investigation. The victim's vaginal swabs tested positive for semen, as did the bedsheet and defendant's shirt. In an interview with police, defendant admitted having sexual intercourse with the victim but claimed that it was consensual.
 {¶ 7} The defense moved for acquittal at the close of the State's case-in-chief and at the close of evidence. The court denied the motions. The jury found defendant guilty of gross sexual imposition, rape and aggravated burglary. We will address defendant's assignments of error in the order presented.
 {¶ 8} Assignment of Error I states:
 {¶ 9} "I. The Trial Court Erred In Denying Appellant's Criminal Rule 29 Motion For Acquittal On All Counts Of The Indictment."
 {¶ 10} In reviewing a claim of insufficient evidence we are to consider all of the evidence admitted at trial, as follows:
"On sufficiency-of-the-evidence review, `the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" (Emphasis in original).
State v. Yarbrough, 95 Ohio St.3d 227, 2002-Ohio-2126, ¶ 78, quoting Jackson v. Virginia (1979), 443 U.S. 307, 319, 99 S.Ct. 2781,61 L.Ed.2d 560, also citing Lockhart v. Nelson (1988), 488 U.S. 33, 40-42.
 {¶ 11} Arguments that urge us to evaluate the credibility of a witness's testimony are not proper under an assignment of error challenging the sufficiency of the evidence. Id., citing State v. Murphy
(2001), 91 Ohio St.3d 516, 543, 747 N.E.2d 765; State v. Waddy (1992),63 Ohio St.3d 424, 430, 588 N.E.2d 819; State v. DeHass (1967),10 Ohio St.2d 230, 39 Ohio Op.2d 366, 227 N.E.2d 212, paragraph one of the syllabus. Thus, we must determine whether the evidence admitted at trial in this case, if believed, "would convince the average mind of the defendant's guilt beyond a reasonable doubt." State v. Jenks (1991),61 Ohio St.3d 259, 278.
 {¶ 12} Defendant focuses our inquiry on the force or threat of force element of both rape and gross sexual imposition contending that the State failed to produce sufficient evidence of this requisite element of these offenses. See R.C. 2907.02(A)(2) and 2907.05(A)(1). In turn, defendant contends that without sufficient evidence of some separate criminal offense, his conviction for aggravated burglary must fail. In other words, defendant reasons that absent evidence of some underlying criminal offense, a necessary element of burglary was lacking. See R.C.2911.11.
 {¶ 13} Upon review of the record, we find evidence of force and threat of force to support the charges of rape and gross sexual imposition. In her trial testimony, the victim accuses defendant of raping and fondling her while smashing her head into a windowsill and otherwise holding her down. (E.g., Tr., 259-262, 281-282, 289, 291, 294, 296, 309-311, 313 -314). She describes her unsuccessful efforts to fight defendant off and her requests that he stop and get off of her. Id.; see, also, Tr., 325-331, 338, 418 and Joint Ex. A. This is corroborated by the victim's statement to police that was submitted for the jury's consideration as Joint Ex. A. (Tr. 322, 334-335, 461).
 {¶ 14} Based upon the foregoing and construing same in a light most favorable to the State, as we must, the record contains sufficient evidence that, if believed, could convince a rational trier of fact of the essential element of force beyond a reasonable doubt. Accordingly, the jury could also find the existence of a criminal offense element of aggravated burglary. This assignment of error lacks merit and is overruled.
 {¶ 15} Assignment of Error II states:
 {¶ 16} "II. The Appellant's Convictions Are Against The Manifest Weight Of The Evidence."
 {¶ 17} The manifest weight standard provides:
"Weight of the evidence concerns `the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other. It indicates clearly to the jury that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the greater amountof credible evidence sustains the issue which is to be established before them. Weight is not a question of mathematics, but depends on its effectin inducing belief.' (Emphasis added.) Black's, supra, at 1594."
State v. Thompkins (1997), 78 Ohio St.3d 380, 387. We may only reverse a verdict as against the manifest weight by disagreeing with the factfinder's resolution of conflicting testimony. Id. [other citations omitted]. To do this, we must find that "the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Id., quotingTibbs, 457 U.S. at 42, 102 S.Ct. at 2218, 72 L.Ed.2d at 661.
 {¶ 18} Under this asserted error, defendant claims that the alleged absence of physical injuries in photographs and medical records proves that the jury clearly lost its way in finding the force element of rape and gross sexual imposition satisfied beyond a reasonable doubt. We disagree.
 {¶ 19} Neither rape nor gross sexual imposition require the State to show a manifestation of physical injury. The fact that the victim's fingernail scrapings were negative for blood is not inconsistent with her testimony since she does not claim to have scratched the defendant. The fact that there was no sign of visible injuries is also consistent with her testimony. (Tr. 282). As set forth under Assignment of Error I, the victim testified that she struggled with defendant; that he smashed her head into the windowsill; that he held her down with physical force. Ibid. The fact that photographs and medical records allegedly do not reflect physical wounds neither proves the victim's testimony necessarily false nor does it convince us that the jury clearly lost its way. This assignment of error is overruled.
"III. The Trial Court Erred In Permitting Defendant's Statement Into Evidence Where Such Statement Was Not Properly Disclosed By The State As Required By Ohio Criminal Rule 16, Thereby Denying Appellant A Fair Trial."
 {¶ 20} The trial court granted defense counsel's request to preclude the State from offering into evidence defendant's alleged oral statement to police made at the scene. The court based its ruling on the State's failure to make a written disclosure of this statement to the defense prior to trial. The alleged substance of the statement was that defendant denied having sexual intercourse with the victim. Under this assignment of error, defendant contends that this information later came into evidence over the objection of trial counsel through the victim's following testimony:
"A. The female lady went upstairs and brought Anthony downstairs, and was like, what, what did I do; what did I do? And she said, you know what you did.
"[DEFENSE COUNSEL]: Objection, you Honor.
"THE COURT: The answer will stand as stated.
"Q. And then what happened?
"A. And she did — and he said — she said I know — he said he know what you — the lady said, you know what you did. And he said I ain't do nothing.
"THE COURT: At this point it will be sustained, the objection. You can testify to what happened after that."
(Tr. 271, emphasis added).
 {¶ 21} The victim's initial testimony does not have defendant denying sexual intercourse with the victim, instead, he is essentially asking the officers what they thought he had done. In the victim's subsequent testimony she has defendant essentially denying doing anything wrong. Again, this does not reflect a denial of sexual intercourse with the victim so much as it just reflects a denial of wrongdoing. This could still be consistent with the defense theory of consensual sex between the victim and the defendant, that is, that he did not rape her because she allegedly consented. For this reason alone, this assignment of error lacks merit.
 {¶ 22} In addition, the trial court sustained the objection as to the later statement which precluded the jury from considering it. As an appellate court, we must presume that the jury followed the court's instructions with regard to sustained objections. State v. Franklin
(1991), 62 Ohio St.3d 118, 127; State v. Futrell (Nov. 10, 1999), Cuyahoga App. Nos. 75033, 75034, 75035. Defendant's third assignment of error is overruled.
Judgment affirmed.
KENNETH A. ROCCO, A.J., and SEAN C. GALLAGHER, J., concur.